UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT LEE JOHNSON, JR., Petitioner, v. WARDEN, Respondent. | CAUSE NO. 3:26-CV-1077-JD-AZ |

OPINION AND ORDER

Robert Lee Johnson, Jr., a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for felony murder and robbery under Case No. 49G22-905-MR-52138.[1] Following a jury trial, on July 20, 2011, the Marion Superior Court sentenced him to sixty-five years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The court first considers whether the petition is timely. The statute of limitations for habeas petitions states as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Based on review of the petition, the date on which the judgment became final is the applicable starting point for calculating timeliness. According to the State court docket, Johnson's direct appeal concluded when the Indiana Supreme Court denied his petition to transfer on October 24, 2012. Therefore, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for petitioning the Supreme Court of the United States for a writ of certiorari expired on January 22, 2013. *See* U.S. Sup. Ct. R. 13(1) (petition for writs of certiorari must be filed within 90 days after entry of judgment); *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (when a State prisoner does not petition the Supreme Court of the United States on direct appeal, his conviction

becomes final when the time for filing a petition expires). 359 days later, on January 16, 2014, Johnson initiated post-conviction proceedings under Case No. 49D25-0905-PC-52138, which was tolled pursuant to 28 U.S.C. § 2244(d)(2) until the Marion Superior Court denied post-conviction relief on July 22, 2025. Though Johnson attempted to appeal, the Indiana Court of Appeals dismissed his appeal as untimely, so his petition for post-conviction relief was not "properly pending" during this time as contemplated by Section 2244(d)(2). As a result, the federal limitations period expired six days after the Marion Superior Court's denial of post-conviction relief on July 28, 2025. On July 20, 2026, Johnson initiated this case by filing a habeas petition. ECF 1. Because Johnson filed the petition nearly one year too late, the court finds that the petition is untimely.

The court also considers whether Johnson has properly exhausted his State court remedies in connection with his claims. Before considering the merits of a habeas corpus petition, the court must ensure that the petitioner has presented his claims "through one complete round of State-court review." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.*

In the petition, Johnson broadly asserts that he is entitled to habeas relief due to ineffective assistance of counsel and a lack of due process. He also asserts that the trial court improperly sentenced him and improperly admitted deposition testimony in lieu

of a live witness. According to the Indiana Court of Appeals, on direct appeal, Johnson raised only a claim that the trial court erred by admitting testimony from a live witness. *Johnson v. State*, 968 N.E.2d 874 (Ind. Ct. App. 2012). On post-conviction review, Johnson did not properly present any claims to the Indiana Court of Appeals given the dismissal of his appeal as untimely, and he did not make any apparent effort to present his claims to the Indiana Supreme Court. Consequently, the court finds that Johnson's claims are procedurally defaulted. Though Johnson asserts that he did not know he had to appeal the denial of post-conviction relief within thirty days, "a petitioner's failure to act or think like a lawyer cannot be cause for failing to assert a claim." *Barksdale v. Lane*, 957 F.2d 379, 385 (7th Cir. 1992); *but see Martinez v. Ryan*, 566 U.S. 1, 17 (2012) (allowing the absence of counsel to serve as an excuse for procedural default at the initial-review collateral proceeding for ineffective assistance of trial counsel claims).

In sum, the court is inclined to deny the habeas petition as untimely and procedurally defaulted. Nevertheless, out of an abundance of caution, the court will first grant Johnson an opportunity to respond to this order.

For these reasons, the court:

(1) GRANTS the motion for leave to proceed *in forma pauperis* (ECF 2);

(2) ORDERS Robert Lee Johnson, Jr., to file a response addressing the concerns set forth in this Order by October 8, 2026; and

(3) CAUTIONS Robert Lee Johnson, Jr., that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on September 8, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT