UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT LEE JOHNSON, JR.,

Petitioner,

v.

WARDEN,

Respondent.

CAUSE NO. 3:26-CV-1077-JD-AZ

OPINION AND ORDER

Robert Lee Johnson, Jr., a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for felony murder and robbery under Case No. 49G22-905-MR-52138.[1] Following a jury trial, on July 20, 2011, the Marion Superior Court sentenced him to sixty-five years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In a prior order, the court reviewed the petition and found that the claims were untimely and procedurally defaulted. ECF 4. Nevertheless, the court allowed Johnson an opportunity to address these concerns rather than immediately dismissing this case. *Id.* Johnson has now filed a response, which the court will now consider. ECF 5.

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

In his response, Johnson argues that his one-year limitations period did not begin to run until his time to file a petition to transfer with the Indiana Supreme Court expired on post-conviction review. But this argument is flatly contradicted by 28 U.S.C. § 2244(d)(1)(A), which states that the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. *See also Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) ("direct review [concludes] for purposes of § 2244(d)(1)(A) [when] the availability of direct appeal to the state courts and to [the Supreme Court of the United States] has been exhausted.").

Next, Johnson continues to assert his status as a *pro se* prisoner as the reason for the untimely and procedurally defaulted nature of his habeas claims. However, as indicated in the prior order, "a petitioner's failure to act or think like a lawyer cannot be cause for failing to assert a claim." *Barksdale v. Lane*, 957 F.2d 379, 385 (7th Cir. 1992); *but see Martinez v. Ryan*, 566 U.S. 1, 17 (2012) (allowing the absence of counsel to serve as an excuse for procedural default at the initial-review collateral proceeding for ineffective assistance of trial counsel claims). Nor does a lack of familiarity with the law entitle him to equitable tolling. *See Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling.").

Johnson also asserts that he is actually innocent. "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a

reasonable doubt." *House v. Bell*, 547 U.S. 518, 536–37 (2006). In this context, the court may consider evidence only if it is reliable and was not presented at trial. *Gladney v. Pollard*, 799 F.3d 889, 898 (7th Cir. 2015). Johnson has not provided or identified any new evidence to support his assertion of actual innocence. Consequently, Johnson's assertion of actual innocence does not serve to excuse the untimely and procedurally defaulted nature of his claims. Having considered Johnson's arguments, the court concludes that the petition is untimely and procedurally defaulted. Therefore, the court will deny the habeas petition.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, the court denies Johnson a certificate of appealability.

For these reasons, the court:

(1) DENIES the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the petition is untimely and procedurally defaulted;

(2) DENIES Robert Lee Johnson, Jr., a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on October 5, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT